# United States District Court
# Eastern District of California

| | |
|---|---|
| DALE CRAWFORD, | 08-CV-02067 TJH |
| Petitioner, | |
| v. | |
| D.K. SISTO, Warden, | Order |
| Respondent. | |

    Petitioner was convicted of second-degree murder in 1989, and sentenced to 15 years to life. In 2007, the Board of Parole Hearings ("Board") found petitioner unsuitable for parole.

    Petitioner filed a writ of *habeas corpus* in California state court challenging the Board's denial. Petitioner alleged that the Board's decision to deny parole violated his federal due process rights because the decision was not based on evidence that the petitioner posed an unreasonable risk of danger to society. His petition was denied. Petitioner then filed a *habeas* petition in this Court.

    Under California law, a parole board's decision to deny parole must rest on some evidence that the prisoner poses a danger to society. *In re Lawrence*, 44 Cal.4th

1181, 1191, 82 Cal. Rptr. 3d 169, 173 (2008). However, under 28 U.S.C. § 2254(a), a federal court may only grant a *habeas* petition if the prisoner's federal or constitutional rights have been violated. *Swarthout v. Cooke*, __U.S.__, 131 S. Ct. 859, 861, 178 L. Ed. 2d 732, 735 (2011). California's "some evidence" standard is not an interest created by federal or constitutional law. *Swarthout*, __U.S. at __, 131 S. Ct. at 863. Therefore, whether the Board relied on evidence that petitioner posed a risk of danger to society when denying his parole is not this Court's inquiry.

Whatever liberty interest exists in the right to parole is a state interest created by California law. *Swarthout*, __U.S.__, 131 S. Ct. at 862. However, when a state creates a liberty interest, the due process clause requires the interest to be carried out through fair and constitutional procedures. *Swarthout,* __U.S. at __, 131 S. Ct. at 862. In the context of parole, the only procedures constitutionally required are that prisoners be allowed an opportunity to be heard at their parole hearing and, if parole is denied, given a statement of the reasons why it was denied. *Swarthout*, __U.S. at __, 131 S. Ct. at 862. The petitioner was offered an opportunity to speak on his behalf during his parole hearing, and was given a statement by the Board explaining why his parole was denied. The Board's procedures met constitutional requirements. Thus, the Board's decision to deny petitioner parole did not violate his federal due process rights.

It is Ordered that the petition for writ of *habeas corpus* be, and hereby is, Denied.

Date: August 28, 2012

_____
Terry J. Hatter, Jr.
Senior United States District Judge